ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 APR 23 PM 1:47
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RANDY REQUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-011 |
| ) | |
| L.T. BEASLEY, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate incarcerated at Telfair State Prison in Helena, Georgia when this action commenced, filed the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On February 13, 2013, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (Doc. no. 3, p. 4). Plaintiff failed to respond.

On March 19, 2013, the Court granted Plaintiff fourteen (14) additional days to comply with the terms of the Court's February 13, 2013 Order. (Doc. no. 4.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (Id.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's February 13, 2013 Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915).

Moreover, Plaintiff's service copy of the March 19th Order was returned as undeliverable, with an indication that Plaintiff was no longer incarcerated at Telfair State Prison. (See doc. no. 5.) Thus, in addition to failing to return the necessary IFP papers, Plaintiff has failed to notify the Court of a change of address. Plaintiff was warned that, if he failed to immediately inform the Court of any change of address while this action is pending, the Court would recommend dismissal of this case. (Doc. no. 3, p. 3.) Plaintiff's failure to provide the Court with an address where he can be reached not only violates the Court's previous Order, but it also has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

. . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also to an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 23 day of April, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3